IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAPOLEON COLBERT (#M23358), )<br>)<br>          Petitioner, )<br>)<br>v. )<br>)      No. 19 C 2851<br>)<br>CHANCE JONES,[1] )      Hon. Rebecca R. Pallmeyer<br>)<br>          Respondent. )<br>) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Lapoleon Colbert is serving a 32-year sentence for the September 2009 murder of Derrion Albert. Now in custody at the Illinois River Correctional Center, Colbert brings this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2254, challenging his murder conviction from the Circuit Court of Cook County. For the reasons explained here, the court denies the petition on the merits and declines to issue a certificate of appealability.

## BACKGROUND

The court draws its factual account from the state-court record [10][2] and state appellate court opinions. State-court factual findings, including facts set forth in state-court opinions, have a presumption of correctness, and Petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C § 2254(e)(1); *Tharpe v. Sellers*, 583 U.S. 33, 34 (2018) (per curiam); *Hartsfield v. Dorethy*, 949 F.3d 307, 309 n.1 (7th Cir. 2020) (citations omitted). Petitioner has not made such a showing.

---

1    Petitioner's current custodian, Chance Jones, Day-to-Day Warden, Illinois River Correctional Center, is substituted for the prior Respondent Justin Hammers pursuant to FED. R. CIV. P. 25(d).

2    Bracketed numbers refer to docket entries in this proceeding and are followed by page and/or paragraph numbers. Page numbers refer to the CM/ECF page number.

On September 24, 2009, Albert was fatally beaten during a street brawl in Chicago's Roseland neighborhood. *People v. Colbert*, 2013 IL App (1st) 112935, ¶¶ 2–3, 1 N.E.3d 610, 613 (hereinafter "*Direct Appeal*"). The brawl stemmed from an ongoing feud between two factions of students at nearby Fenger Academy High School. *Id*. ¶ 2, 1 N.E.3d at 613. An autopsy revealed that Albert suffered abrasions and bruises to his face, lips, hands, chest, abdomen, and back during the brawl. *Id*. ¶ 4, 1 N.E.3d at 613. The autopsy ruled the manner of death a homicide; Albert died from cerebral hemorrhaging caused by blunt-force trauma to his head. *Id*.

The brawl was captured on video by a community center's surveillance camera and a bystander's cellphone camera. *Id*. ¶ 3, 1 N.E.3d at 613. The videos, which were shown to the jury at trial, depicted a group of young men striking the victim. *Id*. They also showed Petitioner kicking Albert in the head and stomping on Albert's torso while he lay motionless on the ground. *Id*. Petitioner told detectives that he kicked Albert "in the heat of the moment" because he was "[t]ired of everything that's going on" between the rival student groups. *Id*. ¶ 15, 1 N.E.3d at 615.

The prosecution initially charged Petitioner with three counts of first-degree murder: (1) intentional murder, (2) "strong probability" murder, and (3) felony murder predicated on mob action.[3] *Id*. ¶ 5, 1 N.E.3d at 613. Over the defense's objection, the prosecution dropped the first two murder charges and proceeded to trial on only the felony murder count. *Id*. Dismissal of the first two charges had the effect of barring Petitioner from seeking a second-degree murder

---

[3] First-degree murder, under Illinois law, includes actions resulting in the death of a victim where the perpetrator either (1) "intends to kill or to do great bodily harm" to the victim or another individual, (2) knows that his or her acts "create a strong probability of death or great bodily harm," or (3) is in the course of committing a "forcible felony other than second degee murder." 720 ILCS 5/9-1(a)(1)–(3). Mob action, defined as a felony under Illinois law, consists of the "use of force or violence disturbing the public peace by 2 or more persons acting together and without authority of law." 720 ILCS 5/25-1(a)(1).

2

conviction based on a theory of "imperfect self-defense."[4] *Id*. ¶ 6, 1 N.E.3d at 613. In defense to the felony murder charge, Petitioner argued that he did not participate in mob action and that although he kicked the victim in the head, he did not inflict the fatal blow. *Id*. ¶ 7, 1 N.E.3d at 613.

The jury found Petitioner guilty of first-degree felony murder predicated on mob action in connection with the fatal beating. *Id*. Petitioner was sentenced to 32 years in prison. *Id*. ¶ 1, 1 N.E.3d at 612–13. On direct appeal, Petitioner argued: (1) that his felony-murder conviction should be vacated because he did not commit mob action with an independent felonious purpose; (2) that the trial court erred in failing to instruct the jury that the underlying mob action felony required an independent felonious purpose to qualify for felony murder; and (3) that his 32-year sentence was excessive [10-1].

Petitioner's conviction and sentence were affirmed on direct appeal. *Direct Appeal*, 2013 IL App (1st) 112935, ¶ 26, 1 N.E.3d at 616. In reaching this conclusion, the state appellate court found in reviewing the record that Petitioner did commit the mob action with "an independent felonious purpose other than the murder itself"—namely, "physically intimidating and harassing fellow students from a rival neighborhood." *Id.* ¶ 15, 1 N.E.3d at 615. The Supreme Court of Illinois denied his petition for leave to appeal. *People v. Colbert*, No. 117032, 3 N.E.3d 797 (Ill. Jan. 29, 2014) (Table).

Petitioner then brought a postconviction petition raising numerous challenges to his felony murder conviction. (*See* [10-13] at 165–87.) The petition also raised multiple ineffective assistance of trial and appellate counsel arguments—including, as relevant to this case, failing to challenge the prosecution's introduction of pictures of codefendants, offered to show that

---

[4] An individual who commits murder under the unreasonable belief that the circumstances would justify or exonerate the killing (for example, as a matter of self-defense) is guilty of second-degree murder under Illinois law. 720 ILCS 5/9-2(a)(2).

Petitioner was part of the mob. The petition was denied by the state trial court. *People v. Colbert*, No. 2018 IL App (1st) 152414-U, ¶ 6, 2018 WL 2200622, at *2 (hereinafter "*Postconviction Appeal*"). The appellate court affirmed the denial of the postconviction petition, *id*. ¶ 17, and the state supreme court denied his petition for leave to appeal, completing the postconviction proceedings, *People v. Colbert*, No. 124044, 111 N.E.3d 957 (Ill. Nov. 28, 2018) (Table). Petitioner now brings the instant habeas corpus petition in this court.

## **DISCUSSION**

A federal court may grant a petition for a writ of habeas corpus by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where such grounds for relief have already been "adjudicated on the merits in State court proceedings," the federal court may not grant the petition unless the state court's decision was either "contrary to, or involved an unreasonable application of, clearly established Federal law," or else was based on an unreasonable determination of the facts. *Id.* § 2254(d). Where, however, the only asserted grounds for relief are errors of state law, the federal court lacks power to grant the petition altogether since habeas corpus relief is available only for violations of federal law. *Brown v. Eplett*, 48 F.4th 543, 552 (7th Cir. 2022) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)).

The pending petition here: (1) challenges the sufficiency of the evidence supporting the felony murder conviction; (2) alleges a jury instruction error as to the felony murder conviction; and (3) claims the state trial court failed to comply with 725 ILCS 5/122-2.1(a)(2) when it denied his postconviction petition. The court assesses each asserted ground for relief in turn.

### A.   **Claim One**

Petitioner first alleges the prosecution violated his due process rights by failing to prove him guilty beyond a reasonable doubt of having an independent felonious purpose when he committed the killing. In support of this claim, he argues that the underlying conduct constituting

4

the mob action was inherent in the murder itself and thus could not have been committed with an independent felonious purpose. As a result, he argues his actions cannot constitute felony murder.

The Fourteenth Amendment's Due Process Clause requires all elements of a crime to be proven beyond a reasonable doubt before a defendant is convicted. *Brown*, 48 F.4th at 552 (citing *In re Winship*, 397 U.S. 358, 364 (1970)); *see Apprendi v. New Jersey*, 530 U.S. 466, 476–77 (2000).[5] Thus, while "[e]rrors of state law in and of themselves are not redressable in habeas corpus . . . wholly omit[ting] an essential element of the charged offense could give rise to a due process violation." *Id.* at 552–53. In addition, under Illinois law, "the predicate felony underlying a charge of felony murder must have an independent felonious purpose." *People v. Davison*, 236 Ill. 2d 232, 240, 923 N.E.2d 781, 786 (2010) (citing *People v. Morgan*, 197 Ill. 2d 404, 429, 758 N.E.2d 813, 844 (2001)). "'[W]here the acts constituting forcible felonies arise from and are inherent in the act of murder itself, those acts cannot serve as predicate felonies for a charge of felony murder.'" *Id.* 236 Ill. 2d at 240, 923 N.E.2d at 786 (quoting *Morgan*, 197 Ill. 2d at 447, 758 N.E.2d at 844). The independent-felonious-purpose requirement is a judicially created rule rooted in the recognition that most murders also involve some other type of felony. A conviction of felony-murder without a showing of independent purpose might "improperly allow the State to both eliminate the offense of second degree murder and avoid the burden of proving

---

[5] To avoid procedural default on habeas review, a habeas petitioner "must first give the State the opportunity to address and correct any alleged violation of his federal rights, which means that he must fairly present his federal claim through one complete round of review in state court, thereby alerting that court to the federal nature of the claim." *Brown*, 48 F.4th at 552 (citation and internal quotation marks omitted). Here, Petitioner argued on direct appeal that the State's failure to prove an independent felonious purpose was both an error of state law and a violation of his due process rights. (*See* [10-1] at 19 (citing *Winship*, 397 U.S. at 364, and *Apprendi*, 530 U.S. at 476–77).) That was "enough to alert the state court to the basis for his constitutional claim," even if the state appellate decision did not explicitly address due process. *Brown*, 48 F.4th at 555.

an intentional or knowing murder . . . ." *Id*. (distinguishing between murders that "g[i]ve rise to the predicate felonies, rather than the predicate felonies resulting in the murders.").

Determining whether the independent felonious purpose requirement is satisfied, however, is reserved to the trial judge under Illinois law. *Evans v. Dorethy*, 833 F.3d 758, 761 (7th Cir. 2016) (per curiam) (citing *Morgan*, 197 Ill. 2d at 443–47, 758 N.E.2d at 836–38). In other words, " 'independent felonious intent' is not an element of Illinois felony murder" that the jury must find beyond a reasonable doubt, but rather a "legal assessment of the separateness of two events" to be performed by the judge. *Id*. at 761–62; *see also Direct Appeal*, 2013 IL App (1st) 112935 ¶ 21, 1 N.E.3d at 616 ("[T]he trial court, rather than the jury, must examine the factual context surrounding the murder and determine whether the evidence is sufficient to show that the predicate felony has an independent felonious purpose apart from the murder itself."). Mob action is a proper predicate felony for felony murder under Illinois law. *See People v. Bush*, 2023 IL 128747 ¶¶ 51–52, 234 N.E.3d 754, 770.

Indeed, this court has previously applied the principle in *Evans* to deny a petition for habeas relief filed by another individual convicted of felony murder for his participation in the very same mob action at issue in this case, on substantially the same grounds as presented here, and the Seventh Circuit upheld this denial. *Riley v. Lashbrook*, No. 13 C 8866, 2017 WL 1105389, at *5 (N.D. Ill. Mar. 23, 2017), *aff'd sub nom. Riley v. Dorethy*, 733 F. App'x 838, 840 (7th Cir. 2018) (nonprecedential opinion), *cert. denied*, 139 S. Ct. 918 (2019). As this court found in *Riley*, while the petitioner's constitutional claims were cognizable on habeas review, the embedded question of "whether a particular predicate act has an independent felonious purpose" was a question of Illinois state law that did not implicate his constitutional rights. *Id.* (citing *Evans*, 883 F.3d at 761).

While the decisions in *Evans* and *Riley* both addressed the Sixth Amendment right to a jury trial, their logic applies with equal force to Petitioner's due process claim under the Fourteenth

6

Amendment. The elements of an offense must be proven to the jury beyond a reasonable doubt, but what constitutes these elements is a question of state law. *Coleman v. Johnson*, 566 U.S. 650, 655 (2012) (per curiam) (citing *Jackson v. Virginia*, 443 U.S. 307, 324 n.16 (1979)); *Bates v. McCaughtry*, 934 F.2d 99, 103 (7th Cir. 1991). Thus, as the independent-felonious-purpose requirement is not an element of the felony murder offense, there is no constitutional right to a finding of such purpose by a jury beyond a reasonable doubt.[6] *Evans*, 833 F.3d at 762. The state court already found on direct appeal that this requirement was satisfied under Illinois law, and this court lacks the power to review that determination now. *Direct Appeal*, 2013 IL App (1st) 112935 ¶¶ 9–11, 1 N.E.3d at 616. Petitioner cannot "transform a state-law issue . . . into a federal one merely by asserting a violation of due process." *Cal v. Dorethy*, 430 F. Supp. 3d 482, 490 (N.D. Ill. 2019) (citation and internal quotation marks omitted), *aff'd sub nom. Cal v. Garnett*, 991 F.3d 843 (7th Cir. 2021); *see also Estelle*, 502 U.S. at 71–72. Claim One is therefore denied.

### B. Claim Two

Petitioner's second argument is closely related to his first one. Specifically, Petitioner argues that the trial court erred by failing to instruct the jury about the need to find he had an independent felonious purpose when committing the killing. He claims this failure deprived him of his Sixth Amendment right to have the jury find him guilty of every element of the offense. *See Apprendi*, 530 U.S. at 476–77.

This argument, however, is squarely foreclosed by *Evans* and *Riley*. As explained above, an independent felonious purpose is not an element of the crime that had to be found by the jury

---

[6] Beyond the point that Petitioner had no right for the issue to be found by the jury beyond a reasonable doubt, the state appellate court also noted that there was ample evidence of Petitioner's independent felonious purpose of his separate intent to engage in a mob action. *Direct Appeal*, 2013 IL App (1st) 112935, ¶ 15, 1 N.E.3d at 615. It noted that Petitioner had the intent of physically intimidating and harassing the rival students, as shown by his statement to investigating detectives of a history of confrontations with the rival students, being "tired of everything that is going on," and believing he was attacking a rival when assaulting the victim. *Id.*

beyond a reasonable doubt, meaning that there was no Sixth Amendment violation. *See Evans*, 833 F.3d at 762 ("Because 'independent felonious intent' is a legal assessment of the separateness of two events, the Sixth Amendment did not require a jury to decide the issue."). The jury therefore did not need to make such a determination, and the state court did not need to provide such an instruction. Claim Two is denied.

### C.     Claim Three

In his final claim, Petitioner contends that the state trial court violated 725 ILCS 5/122-2.1(a)(2) when dismissing his postconviction petition. When a postconviction petition is filed in an Illinois court, the trial judge performs an initial review of the petition and may summarily dismiss the petition if it is frivolous or patently without merit. *Postconviction Appeal*, No. 2018 IL App (1st) 152414-U, ¶ 8, 2018 WL 2200622, at *2 (citing *People v. Hodges*, 234 Ill. 2d 1, 9, 912 N.E.2d 1204, 1208–09 (2009)). When the petition is dismissed at this initial stage, Section 5/122-2.1(a)(2) requires the trial court to issue a written order specifying the findings of facts and conclusions of law made in reaching the decision. 725 ILCS 5/122-2.1(a)(2).

The trial court in Petitioner's case issued a 12-page written order addressing Petitioner's postconviction claims when dismissing the petition upon initial review. (*See* [10-13] at 204–15.) The ruling explicitly addressed some of Petitioner's ineffective-assistance arguments, but failed to overtly discuss his argument that counsel was ineffective in failing to object to the prosecution's display of pictures of Petitioner's codefendants to demonstrate Petitioner was part of the mob action. (*Id.* at 212–15.) The ruling also stated, however, as a general matter that "the issues raised and presented by petitioner are frivolous and patently without merit." (*Id.* at 215.) On appeal, the state appellate court found no error since the "obvious intent of the [trial court's] written order was to dismiss the petition in its entirety." *Postconviction Appeal*, No. 2018 IL App (1st) 152414-U, ¶ 12–14, 2018 WL 2200622, at *3 (citing *People v. Lee*, 344 Ill App. 3d 851, 854–55, 801 N.E.2d 969, 972–73 (1st Dist. 2003)).

Petitioner's argument on this score is limited to the contention that the state court failed to comply with the Illinois Post-Conviction Hearing Act's requirement of addressing all claims in a written order. 725 ILCS 5/122-2.1(a)(2). Importantly, Petitioner did not argue before the state court, nor before this court, that the state court's ruling on the ineffective assistance of counsel claim was substantively incorrect. The claim that Petitioner does raise—that the state court failed to comply with a state procedural requirement—cannot be remedied by this court. *See Jones v. Butler*, 778 F.3d 575, 586 (7th Cir. 2015) (allegation of misapplication of Illinois's Post-Conviction Hearing Act raised non-cognizable state law issue in federal habeas corpus proceeding); *Cal*, 430 F. Supp. 3d at 489–90 (same); *cf. Coleman v. Thompson*, 501 U.S. 722, 739 (1991) (noting that federal courts have "no power to tell state courts how they must write their opinions."). Therefore, Claim Three is denied, and Petitioner's habeas corpus petition is denied on the merits.

**III.     Certificate of Appealability and Notice of Appeal Rights**

The court declines to issue a certificate of appealability. In light of the controlling caselaw cited above, Petitioner cannot make "a substantial showing of the denial of a constitutional right"; i.e., reasonable jurists would not debate, much less disagree, with this court's resolution of Petitioner's claims. 28 U.S.C. § 2253(c)(2); *see Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Petitioner is advised that this is a final decision ending his case in this court. If Petitioner wishes to appeal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. *See* FED. R. APP. P. 4(a)(1). Petitioner need not bring a motion to reconsider this court's ruling to preserve his appellate rights. However, if Petitioner wishes the court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* FED. R. CIV. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* FED. R. CIV. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the

Rule 59(e) motion is ruled upon. *See* FED. R. APP. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* FED. R. CIV. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* FED. R. CIV. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* FED. R. APP. P. 4(a)(4)(A)(vi).

## CONCLUSION

Petitioner's habeas corpus petition [1] is denied on the merits. Any other pending motions are denied as moot. The court declines to issue a certificate of appealability. The Clerk is instructed to: (1) terminate Respondent Justin Hammers, and replace him with Petitioner's current custodian, Chance Jones, Day-to-Day Warden, Illinois River Correctional Center; (2) alter the case caption to *Colbert v. Jones*; and (3) enter a Rule 58 judgment in favor of Respondent and against Petitioner. Civil case terminated.

ENTERED:

Dated: July 22, 2024

_____
REBECCA R. PALLMEYER
United States District Chief Judge